UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| GWENDOLYN ONEVA COOK,<br><br>Plaintiff,<br><br>v.<br><br>ST. LOUIS PUBLIC BOARD OF EDUCATION,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 4:25-CV-1594-ZMB |

**MEMORANDUM AND ORDER**

Before the Court is Defendant St. Louis Public Board of Education's Motion to Dismiss. Doc. 15. Because self-represented Plaintiff Gwendolyn Cook failed to exhaust her administrative remedies, *see* Doc. 6-1, the Court must dismiss her Complaint.

**BACKGROUND**

**I. Relevant Facts[1]**

In March 2023, St. Louis Public Board of Education hired Cook as a substitute teacher and assigned her to Long International Middle School. Doc. 1 at 5. Cook noticed she was the only black teacher in her "teaching cluster" and the only person over the age of 50. *Id*. She claims that, throughout her tenure, she experienced less favorable treatment than younger, white colleagues—such as being excluded from meetings, denied access to "essential supplies," and repeatedly assigned "undesirable duties" with an unsanitary classroom that lacked air conditioning. *Id*. at 5. One staff member even informed her that the principal "had expected 'someone other than a Black

[1] As required at this stage, the Court accepts Cook's allegations as true and draws all reasonable inferences in her favor. *See Jones v. Douglas Cty, Sherriff's Dep't*, 915 F.3d 498, 499 (8th Cir. 2019). Specifically, the Court considers her Complaint, Doc. 1, as supplemented by her EEOC Charge of Discrimination, Doc. 6-1; *see Dida v. Ascension Providence Hosp.*, No. 4:22-CV-508-AGF, 2023 WL 3002403, at *6 (E.D. Mo. Apr. 19, 2023) (citing *Kushner v. Beverly Enters.*, 317 F.3d 820, 831 (8th Cir. 2003) ("When deciding a motion to dismiss, a court may consider the complaint and documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading.")).

American' for the position." *Id*. at 6. Additionally, after raising safety and compliance concerns, Cook received "threats of discipline, denial of pay, and removal from her union role." *Id*. Ultimately, she was suspended without pay after a workplace injury and reassigned to a new school, where she experienced "similar bias" until she was "wrongfully terminated." *Id*.

## II. Procedural History

Cook originally brought this pro se discrimination action in October 2025, alleging violations of Title VII of the Civil Rights Act of 1964 (Title VII) and the Age Discrimination in Employment Act (ADEA). Doc. 1. She also moved to proceed in forma pauperis and for the appointment of counsel. Docs. 2–3. After initial review, the Court denied both motions without prejudice and ordered Cook to file her EEOC Charge of Discrimination. Doc. 4. The Court warned that failure to comply within three weeks would result in dismissal without prejudice. *Id*. Hearing nothing from Cook even after that deadline, the Court dismissed the case. Doc. 5. Some weeks later, Cook moved to reopen the case and filed her EEOC charge. Doc. 6. Though skeptical of Cook's excuse, the Court granted her request in light of subsequent filings.[2] Docs. 7, 11, 12.

Cook signed her charge of discrimination in March 2025, Doc. 6-1 at 3, and the EEOC issued its right to sue letter four months later, Doc. 1-1 at 1. In her charge, Cook stated that the Board discriminated against her based on "Age, Color, Race, [and] Retaliation." Doc. 6-1 at 2. Though she alleges dates during which the discrimination occurred, she does not specify any conduct, stating only that the particulars are "unperfected." *Id.* In her Complaint, Cook also checked boxes for discrimination based on race, color, and age, and she alleges that she was both "discriminated [and] retaliated against." Doc. 1 at 5–6. The Board moved to dismiss the case for failure to state a claim, Doc. 15, and that issue is now ripe for review, *see* Docs. 17, 18.

[2] Cook submitted an affidavit under penalty of perjury stating that she did not receive the Court's order until December 2025, and that the delay was "solely the result of mail delivery beyond [her] control." Doc. 10. She also timely filed a second application to proceed without paying costs or fees. Doc. 8.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a defendant may move to dismiss for "failure to state a claim upon which relief can be granted." The purpose of such motions "is to test the legal sufficiency of the complaint." *Ford v. R.J. Reynolds Tobacco Co.*, 553 F. Supp. 3d 693, 697 (E.D. Mo. 2021). To survive a Rule 12(b)(6) motion, the complaint must include "a short and plain statement of the claim showing that the [plaintiff] is entitled to relief" and providing notice of the grounds on which the claim rests. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting Fed. R. Civ. P. 8(a)(2)). Additionally, the complaint must include sufficient detail to make a claim "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). Although "[s]pecific facts are not necessary," the plaintiff must include "either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." *Delker v. MasterCard Int'l*, 21 F.4th 1019, 1024 (8th Cir. 2022) (quotations omitted). The question is not whether the plaintiff will ultimately prevail, but whether the plaintiff is entitled to present evidence in support of the claim. *Id.*

At the motion-to-dismiss stage, the Court must accept as true the factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor. *See Brokken*, 140 F.4th at 450 (citation omitted). However, the Court does not "presume the truth of legal conclusions." *Jones v. City of St. Louis*, 104 F.4th 1043, 1046 (8th Cir. 2024) (citation omitted); *see also Kulkay v. Roy*, 847 F.3d 637, 641 (8th Cir. 2017) ("[T]he court is free to ignore legal conclusions, unsupported conclusions, unwarranted inferences and sweeping legal conclusions cast in the form of factual allegations."). Ultimately, this analysis is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009).

Additionally, it is well settled that "a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Rinehart v. Weitzell*, 964 F.3d 684, 687 (8th Cir. 2020) (citation omitted) On a motion to dismiss, "the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework" so long as "the essence of an allegation is discernible." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (citation omitted). However, while "pro se complaints are to be construed liberally, they still must allege sufficient facts to support the claims advanced." *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004) (citation omitted) (collecting cases). Thus, even under the more forgiving standard, the Court will not "assume facts not alleged" or "excuse the *pro se* litigant from following the Court's local rules or the Federal Rules." *Whitlock v. St. Louis Cnty.*, No. 4:21-CV-516-SEP, 2022 WL 3700915, at *2 (E.D. Mo. Aug. 26, 2022) (collecting cases).

**DISCUSSION**

The Board asserts three grounds for dismissal, claiming that Cook failed to: (1) file her claim within 90 days of receiving her right-to-sue letter, Doc. 15 ¶¶ 2–10, (2) exhaust her administrative remedies, *id.* ¶¶ 11–17, and (3) state a plausible claim for relief, *id.* ¶¶ 18–24. Cook responded only to the first point by restating her excuse for failing to timely file. Doc. 17. Regardless, because the EEOC charge failed to provide any factual details regarding her claim, Cook failed to exhaust her administrative remedies, and the Court must dismiss this case.

"Title VII requires that before a plaintiff can bring suit in court to allege unlawful discrimination, she must file a timely charge with the EEOC . . . ." *Richter v. Advance Auto Parts*, 686 F.3d 847, 850 (8th Cir. 2012). "An employee may not bring allegations in a Title VII action if they go beyond those that could reasonably be expected to grow out of the charge of discrimination filed with the EEOC." *Brooks v. Midwest Heart Grp.*, 655 F.3d 796, 801 (8th Cir.

2011) (quotation omitted). The same is true of ADEA claims. *See Parisi v. Boeing Co.*, 400 F.3d 583, 585 (8th Cir. 2005). "To determine what federal claims a plaintiff exhausted, the court is to look to the boxes the complainant checked on the charge of discrimination as well as the narrative description of the allegations." *Thomas v. Metro. St. Louis Sewer Dist.*, No. 4:24-CV-1724-JAR, 2025 WL 2379731, at *3 (E.D. Mo. Aug. 14, 2025) (citations omitted). "Although charges of discrimination filed by pro se litigants are to be liberally construed, such liberality does not permit the consideration of a claim that was simply never raised." *Pointer v. Mo. Dep't of Corr.*, 105 F. App'x 120, 121 (8th Cir.2004).

Eighth Circuit precedent dictates that dismissal is required here. In *Faibisch v. University of Minnesota*, the Court held that an EEOC charge that failed to allege any facts related to discrimination was not "like or reasonably related to" the plaintiff's more detailed complaint, and as such, she failed to exhaust her administrative remedies. *See* 304 F.3d 797, 803 (8th Cir. 2002). As the Eighth Circuit explained, plaintiffs "may not make a conclusory statement of sex discrimination in the charge and then file suit on whatever facts or legal theory [they] may later decide upon." *Id.* Since *Faibisch*, this Court has consistently required plaintiffs to allege specific facts in their EEOC charges. *See, e.g.*, *Thomas v. Metro. St. Louis Sewer Dist.*, No. 4:24-CV-1724-JAR, 2025 WL 2379731, at *3 (E.D. Mo. Aug. 14, 2025) (finding that the plaintiff failed to exhaust administrative remedies where "neither the Charge nor the Complaint include any factual support alleging discrimination"); *Williams-Green v. Elantas PDG*, No. 4:18-CV-1958-JCH, 2020 WL 5554320, at *10 (E.D. Mo. Sept. 16, 2020) ("Merely checking the box, without asserting any supporting facts, is insufficient to state a claim.") (collecting cases).[3]

[3] Other Circuits similarly require specific allegations in the EEOC charge for purposes of exhaustion. *See, e.g.*, *Moore v. Vital Prods.*, 641 F.3d 253, 257 (7th Cir. 2011); *McCutchen v. Sunoco*, 2002 WL 1896586, at *3 (E.D. Pa. Aug. 16, 2002), *aff'd*, 80 F. App'x 287 (3d Cir. 2003); *Marshall v. Fed. Exp.*, 130 F.3d 1095, 1098 (D.C. Cir. 1997); *Butts v. City of New York Dep't of Hous.*, 990 F.2d 1397, 1403 (2d Cir. 1993); *Rush v. McDonald's Corp.*, 966 F.2d 1104, 1111 (7th Cir. 1992).

Here, Cook checked the boxes on the EEOC charge for retaliation and discrimination based on age, color, and race. Doc. 6-1 at 2. But under the "particulars" section, Cook provided only one word: "unperfected." *Id*. Her vague statement does not "reasonably relate" to her Complaint. *See Faibisch*, 304 F.3d at 803. Indeed, Cook's EEOC Charge violates the very purpose of exhaustion—to filter out such "unperfected" complaints. *See Butts*, 990 F.2d at 1403 ("Were we to permit such vague, general allegations, quite incapable of inviting a meaningful EEOC response . . . such allegations would become routine boilerplate and Title VII's investigatory and mediation goals would be defeated."); *Peyton v. AT&T Servs.*, No. 4:13-CV-216-AGF, 2013 WL 2475700, at *2 (E.D. Mo. June 10, 2013) ("[M]erely checking a box—without more—does not fulfill the administrative purposes that a charge with the EEOC is designed to serve."). While "courts should not use Title VII's administrative procedures as a trap for unwary pro se civil-rights plaintiffs," *Shannon v. Ford Motor*, 72 F.3d 678, 685 (8th Cir. 1996), the Court is bound to require more than what Cook provided. In other words, under well settled precedent, Cook failed to exhaust her administrative remedies.

## CONCLUSION

Accordingly, the Court **GRANTS** Defendant St. Louis Public Board of Education's [15] Motion to Dismiss and **DISMISSES** this case without prejudice. A separate Order of Dismissal will follow.

So ordered this 23rd day of November 2026.

ZACHARY M. BLUESTONE
UNITED STATES DISTRICT JUDGE